

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   *(503) 727-1000*
*Portland, OR 97204-2902*   *Fax (503) 727-1117*

July 9, 2014

Larry Setchell
Helsell Fetterman, LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154

Re: *United States v. Kustom Products, Inc.*, Case No. 3:11-CR-60142-08-MO
    Contingent Interlocking Plea Agreement Letter

Dear Counsel:

This letter sets forth a plea offer in the above-referenced case. The offer is contingent upon factors set forth in paragraph 2 below.

 1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

 2. **Interlocking Agreements**: The parties to this agreement understand that there are separate and interlocking agreements with co-defendants Harold Ray Bettencourt, II., Kathy Sue Bettencourt, Harold Ray Bettencourt, III., Nicholas Ryan Bettencourt, Peter Tracy Bettencourt, Margo Antonette Densmore and Joshua Lee Kemp in the above-referenced case number. The USAO enters into these agreements in consideration of all defendants' agreements. All promises and commitments made by the USAO in each of these plea agreements are contingent upon and interlocking with one another. Defendant agrees that the USAO's obligations as set forth in this agreement are contingent upon all above-named defendants fulfilling all of the terms and conditions of their plea agreements with the USAO. The failure of any other above-named defendants to fulfill their plea agreement will relieve the USAO of its promises and commitments in this agreement. If defendant moves to withdraw its guilty plea at any time, or in any other way fails to abide by the terms and conditions of this agreement, the USAO may withdraw this agreement, is relieved of its obligations under this agreement, and is relieved of all its agreements and obligations set forth in the agreements with the above-named defendants. Similarly, if the Court rejects any of these interlocking agreements, all above-named defendants will be entitled to withdraw their guilty pleas.

 3. **Charges**: Defendant agrees to plead guilty to an Information, which charges the crime of Conspiracy to Commit Offense or to Defraud the United States in violation of Title 18, United States Code, Section 371.

Revised 02/03/10

Larry Setchell
Re:   Kustom Products, Inc. Plea Letter
Page 2

4. **Penalties**: The maximum sentence is 5 years' imprisonment, a fine of $250,000 and 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

5. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss the Superseding Indictment against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**:   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**:   The parties agree that Chapter 8 of the United States Sentencing Guidelines applies, but enter into no agreement as to what specific guideline enhancements apply.

8. **Sentence Recommendation**:   The parties enter into no agreement as to the appropriate sentence. Each party is entitled to bring to the Court's attention all facts it deems relevant to the Court's sentencing determination and to dispute at sentencing any factual allegations made by the opposing party.   Each party is free to recommend any sentence to the Court consistent with the United States Sentencing Guidelines and 18 U.S.C. § 3553(a).

9. **Waiver of Appeal/Post-Conviction Relief**:   Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:   (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10. **Court Not Bound**:   The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11. **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Defendant agrees to cooperate fully with the United States Probation Office in the preparation of the PSR in order for the USPO to accurately recommend a payment schedule should the Court order a fine or restitution as discussed

Revised 02/03/10

Larry Setchell
Re:   Kustom Products, Inc. Plea Letter
Page 3

in paragraphs 16 and 17. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Forfeiture Terms**:   Defendant agrees to forfeit all assets listed in (a) paragraphs 2, 3 and 4, of the First Forfeiture Allegation of the Superseding Indictment; and (b) paragraph 2 of the Second Forfeiture Allegation of the Superseding Indictment; and (c) paragraph 2 of the Third Forfeiture Allegation in the Superseding Indictment, including all vehicles, all seized funds from all accounts, and all seized currency, in the parallel civil forfeiture proceedings: *United States v. $4,944.38 in funds seized from Oregon Pacific Bank, et al* (Case No. 3:11-CV-00327-MA) and *United States v. 2009 Dodge Challenger, et al* (Case No. 3:11-CV-00328-MA).   Defendant will withdraw his claims to the assets in those civil cases and will sign settlement agreements agreeing to the entry of a final judgment of forfeiture of all assets to the United States, including a withdrawal of all pending motions. Defendant further agrees that the forfeiture of these assets will not be applied to or in any way offset the defendant's restitution obligations. The United States agrees that it will not seek to forfeit any additional assets or seek a forfeiture money judgment in connection with this plea agreement.

14. **Restitution**:   Defendant agrees that the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A *et seq.*, applies to the offense to which defendant agrees to plead guilty. The United States agrees that it will not seek restitution in an amount greater than $5,000,000, but anticipates that it will ultimately request a figure less than that amount. Defendant is free to contest the amount of restitution, but agrees to pay all restitution as determined, and on the schedule as ordered, by the Court.

15. **Fine**: The Government will seek a fine against defendant Kustom Products, Inc.

16. **Joint Financial Obligations**:   On or before December 31, 2014, defendant KPI will pay a minimum lump sum payment of $250,000 toward any joint financial obligation determined by agreement or Court Order.   On any financial obligation that is imposed jointly and severally on the defendants (joint financial obligation), the government does not oppose defendant KPI from making payments on behalf of the jointly liable individual defendants. Should defendant KPI declare bankruptcy or otherwise dissolve, the individual defendants remain jointly and severally responsible for any joint financial responsibility.

17. **Other Terms of Agreement**:

   a.   Potential False Claims Act Complaint:   The United States has not filed a civil False Claims Act cause of action against defendant. Should one be filed, however, the United States agrees to cap its prayer for relief in that action at $5,000,000 and agrees that any money paid by any defendant towards restitution in this criminal matter will act as an off-set for any defendant's obligation flowing from an FCA action.

Revised 02/03/10

Larry Setchell
Re:  Kustom Products, Inc. Plea Letter
Page 4

**18. Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**19. Deadline**: This plea offer expires if not accepted by July 14, 2014 at 5:00 p.m. Defendant further agrees to enter the guilty plea on July 18, 2014 at 10:00am.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

SCOTT ERIK ASPHAUG
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_____
Date                                Kustom Products, Inc., Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

July 14, 2014
Date                                Larry Setchell, Attorney for Defendant

Revised 02/03/10